## J. P. Long *v.* M. E. McGregor *et al.*

1. Chancery Jurisdiction. *Setting aside sale under deed of trust. Case in judgment.*

M. executed two deeds of trust on certain land in favor of L. and P. respectively, to secure debts due them. The amount due L. was composed largely of usury. L. and P. collusively agreed to sell the land under both deeds at exactly the same time, but at different places, to buy the same in and divide the profits. But M. was about to sell the land at private sale for much more than sufficient to pay off both debts. So L., to prevent the sale, went to M. and offered to buy in the land at the sale under his trust deed, pay P., and hold the land until M. could redeem. M. consented. L. bought the land at an inadequate price, went into possession and afterwards refused to allow M. to redeem. M. filed his bill to set aside the sale, and asking that the deed to L. be cancelled and the land resold, and the debts of L. and P. be paid out of the proceeds after the debt of L. was purged of usury. The chancellor granted the relief asked. *Held*, that a court of equity had jurisdiction in such case to annul the sale and title.

2. SAME.   *Usury.   Offer to do equity when not necessary.*

And in such case it was not necessary for the complainant to offer to pay legal interest in order to obtain relief from usurious interest, there being other circumstances justifying a resort to equity.   *Parchman* v. *McKinney*, 12 S. and M. 631, cited, which is based upon a statute providing a forfeiture of all interest when an illegal rate is charged.


APPEAL from the Chancery Court of Noxubee County.

HON. F. A. CRITZ, Chancellor.

Mrs. M. E. McGregor and her husband, G. T. McGregor, exhibited this bill against J. P. Long, T. B. Paulette, administrator of the estate of J. H. Paulette, and others. The bill prayed that the sales of certain lands made under deeds of trust executed by complainants to secure certain debts to the defendants be set aside; that the deeds made in accordance therewith be cancelled; that an account of the indebtedness of complainants with J. P. Long be stated and purged of all interest because the interest charged was usurious, and that a resale of the land be ordered, and the proceeds as far as necessary be used in satisfying the debts due Long and Paulette. The defendants demurred to the bill because complainants did not offer to pay legal interest. The demurrer was over-ruled.

The case was then heard upon bill, answers and proof.

The evidence for the complainants tended to show that the note of complainants to Long secured by the deed of trust on the land in controversy was largely for usurious interest, *and contracted since* 1880; that J. P. Long agreed with complainants that he would buy the land in at the sale under his trust deed, and hold the same for the complainants until they could redeem it; and because of such agreement they refused an offer of $2300 in cash for the land at private sale; that the land was worth $12.50 per acre, there being 230 acres in the tract; but that Long purchased it at his sale for $1150; that by agreement between Long and Paulette, both of whom had deeds of trust on the land, it was collusively and in fraud agreed that the land should be sold at the same hour of the same day at different places under the two deeds of trust, and the profits from the transaction divided; and advertisements to this effect were

65 MISS.—6.

posted at the same time and places, and the sales were so made, and that bidders were thereby deterred from bidding, and that Long became the purchaser under his deed of trust for $1150, and Paulette under his deed of trust for $2.60 ; and that it was further collusively agreed that Paulette should be paid by Long. The evidence for the defendant, Long, tended to contradict the evidence of complainants as to the agreement between them and Long, and as to the collusion and fraud between Long and Paulette.

Paulette in his answer, admitted the sale made under his deed of trust to be void, because not made by the trustee named therein, but by a substituted trustee, the original trustee at the time being competent and willing to serve.

The chancellor found the facts in favor of complainants, declared the sales void, ordered the deeds cancelled, and ordered that an account be taken of the indebtedness of complainants to Long, and that the same should be purged of all interest, and that the land be resold. From this decree the defendant, Long, appealed.

Bogle & Bogle, for the appellant.

1. Usury in the debt did not give the equity court juris-diction. The remedy at law was clear and adequate.

Kelly v. Weaver, 37 Miss., 631.

If McGregor was ever entitled to equitable relief on account of the usury, he waived by permitting the sale under the trust deed to take place without interposing his claim to that relief. His laches prevents any relief after the sale.

Lake v. Brown, 116 Ills. 83.

The alleged agreement between Long and McGregor is the only fact in the record that could possibly give jurisdiction to the court, and on that point the testimony was overwhelming in favor of the defendants. The alleged agreement is denied by Long.

2. The demurrer should have been sustained because there was no offer in the bill to " do equity " by paying the debt with legal interest. The bill does not aver that any offer has been made; nor is there anything in the bill offering to pay the debt, with legal interest; nor is there any offer to " do equity," or to perform whatever the court may deem equitable.

In *Fanning* v. *Dunham*, 5 Johnson's Chan. 142, Chancellor Kent says : " The equity cases speak one uniform language, and I do not know of a case in which relief has ever been afforded to a plaintiff seeking relief against usury by bill upon any other terms. It is the fundamental doctrine of the court. Lord Hardwicke (1 Vesey, 320) said that, in case of usury, equity suffers the party to the illicit contract to have relief; but whoever brings a bill in case of usury must submit to pay principal and interest due."

In *McRaven* v. *Forbes*, 6 How. (Miss.) 569, this court announced the same doctrine, and it has never been departed from. See, also, *Eslova* v. *Elmore*, 50 Ala. 589 ; *Ruddell* v. *Ambler*, 18 Ark. 370 ; *Trumbo* v. *Blizzard*, 6 Gill & J. 18 ; *Morgan* v. *Schermerhorn*, 1 P. Ch. 544 ; *Williams* v. *Fitzhugh*, 37 N. Y. 444 ; *Spain* v. *Hamilton*, 1 Wall. 604 ; Tyler on Usury, 449 ; *Pres't, etc.*, v. *Swayne*, 8 Ohio, 257 ; 2 Pom. Eq. Jur., 3937.

If it was proper to set aside the sale, it was error to deny Long legal interest on his debt. We believe the rule to be universal, that a complainant seeking affirmative relief is required, as a condition on which the relief will be granted, to come in with clean hands and to do equity. It is the same principle that this court recently applied where the debtor was seeking affirmative relief, and pleading the failure of the merchant creditor to take out privilege license. *Dean* v. *Robertson*, decided Jan. 17, 1887 ; 1 So. Rep. 159 ; *Bowdre, Admr.*, v. *Carter*, 1 So. Rep. 162. The authorities we have cited heretofore in this brief show conclusively that the debtor is required to pay the principal and legal interest whenever he is compelled to ask the aid of the equity court. The case of *Parchman* v. *McKinney*, 12 S. & M. 631, is not in conflict with these authorities. In that case the debtor was defending against the enforcement of a usurious contract, though he was complainant in the case. The contract was still executory, and he was on the defensive, and could therefore avoid all interest. In this case, McGregor was not on the defensive. She suffered the contract to be fully executed, and then sought the affirmative relief of cancelling the sale—a relief that is distinctly affirmative and purely equitable. Long was doing nothing towards the execution of his contract; it had

been fully executed by him, and he was asking nothing from the McGregors.

*W. H. Bogle,* of counsel for the appellant, made an oral argument.

*Rives & Rives,* for the appellees.

1. It was contended that McGregor was not entitled to relief because he did not offer to pay lawful interest. Such might have been the case had McGregor attempted to obtain relief, solely upon the ground of usury. But such was not the case. She was entitled to a resale of the land on other grounds.

We ask the court to put us back where we were at the time that Long perpetrated his fraud upon us. At that time we could have enjoined his sale upon the sole ground of usury. Could have done so without offering to pay legal interest, and in the account that would then have been taken all interest would have been excluded on account of the usury. See *Parchman v. McKinney,* 12 S. & M. 631.

It is plain that Long practiced a fraud upon McGregor. McGregor's testimony on this point is fully corroborated by undisputed circumstances.

*J. E. Rives,* of counsel for the appellees, argued the case orally.

ARNOLD, J., delivered the opinion of the Court.

We find in the record no cause to disapprove the conclusion reached by the chancellor as to the facts; and as to the law, it is quite clear that a court of equity has jurisdiction to annul a sale and titles, made and procured by the methods exhibited in the testimony for appellees, and which was accepted as true by the chancellor.

On the authority of *Parchman* v. *McKinney,* 12 S. and M. 631, it must be said, that there being special circumstances which justified resort to equity in the first place, it was not necessary for appellees to have offered in their bill, to pay interest at the legal rate, as a condition precedent to obtaining relief against usurious interest. This is contrary to the general doctrine on the subject; but it has long been the rule in this State, under statutes regulating the matter of interest, and

which provide that all interest shall be forfeited when there is a stipulation for a greater rate than that allowed by law, and we are not willing to overrule the decision referred to, by which the rule was established.

*Affirmed.*