THE SOUTHERN HOME BUILDING AND LOAN ASSOCIATION *v.* HENRY A. TONY.

1. USURY. *Nonresident building and loan association. Fixed premium. Code* 1892, § 2348.

   Ten per centum per annum being the maximum rate of lawful interest, the contract of a nonresident building and loan association, stipulating for a monthly fixed premium and a sum by way of interest, which aggregate an amount greater than such maximum, is usurious. *Sokoloski* v. *New South, etc., Association*, 77 Miss., 155.

2. SAME. *Injunction. Deed of trust. Payment. Tender.*

   A debtor may enjoin a sale of property under a deed of trust given to secure an usurious debt by paying or tendering the principal of

the debt, without interest. Code 1892, § 2348. *Parchman* v. *Mc-Kinney*, 12 Smed. & M., 631, and *Long* v. *McGregor*, 65 Miss., 70, approved; *Mortgage Co.* v. *Jefferson*, 69 Miss., 770, explained. (See *Purvis* v. *Woodward, post,* 922.)

FROM the chancery court, second district, of Coahoma county.

HON. A. MC. KIMBROUGH, Chancellor.

Tony, the appellee and cross appellant, was the complainant in the court below; the building and loan association, the appellant and cross appellee, was defendant there. The opinion of the court states the case.

*J. W. Cutrer*, for appellee and cross appellant.

The facts in this case, as shown by the bill and answer, are in effect the same as in the case of *Sokoloski* v. *B. & L. Assn.*, 77 Miss., 155. As far as the finding by the court of the usurious character of the contract is concerned, the decree of the court is in accordance with the opinion of the supreme court in the Sokoloski case, referred to. The court, however, committed error, as against the appellee, by directing the commissioner to allow any interest whatsoever on the contract shown by the record. The contract was not executed, and if it were, under the statute in force, all interest is forfeited. Code 1892, § 2348.

*R. H. Wildberger*, for appellant and cross appellee.

There may be so-called building and loan associations whose scheme of finance may be usurious under the decisions of our court in *Sokoloski* v. *B. & L. Assn.*, 77 Miss., 155, and *Crofton* v. *B. & L. Assn.*, 77 Miss., 166. But in the case at bar there is nothing in the record to show that the " premium and interest together exceed the legal rate of interest," for it appears by the record that the only interest chargeable was six per centum, and the premium chargeable under the by-laws was four per centum, and that these items formed a fund in

which the stockholders shared, and which could not be diminished for anything except taxes, which was a proper subordination to the sovereignty.    This association, under the record here, is certainly not open to the charge of exacting usury intentionally.    If it be argued that the stipulated sum of ten dollars, payable monthly as premium (which is written in by hand in a printed form of trust deed) is a charge for premium of more than four per centum per annum, then why should this sum be taken as the true intent of the parties any more than the printed stipulation of the trust deed and bond that the loan was made in " accordance with the by-laws, rules and regulations of the association ? "    The natural presumption, in the absence of anything further than disclosed by the record, would be that a mistake had been made in the writing in of the word " ten " in the original contract, just as it is evident that a mistake was made in the writing of the word " twelve " in Tony's assignment of his shares of stock.    Evidently it was contemplated by the parties that he should transfer to the association twenty shares of stock as collateral security on a loan of two thousand dollars.

"A presumption will never be indulged that a contract is in violation of the law when it is capable of any other reasonable construction."    *Brown* v. *Freeman*, 34 Miss., 181.

A bill to reform the contract might have been maintainable under this record, but we submit that the bill in the case at bar is not maintainable because the bill sets up " a contract made in accordance with the by-laws of the association," which the record shows is not in accordance with the by-laws; because the complainant prays that the association be compelled to apply the moneys paid upon stock subscription, which he sets up that he voluntarily made, in a manner totally different from that required by the contract under which the subscription and the loan were made.    *B. & L. Assn.* v. *Anniston, etc., Co.,* 101 Ala., 582, s.c. 46 Am. St. Rep., 138; *Tilley* v. *Am. B. A.,* 52 Fed. Rep., 618; *Building Assn.* v. *Sutton,* 35 Pa. St., 463; Endlich on Build. Assns., sec. 452.

*Frank Johnston* and *Sterling & Harris*, on the same side.

The decree should be reversed on the cross appeal.   If the provisions of our statute, code 1892, § 2348, are not to be rendered impotent, this court will have to reaffirm the decision of Judge Sharkey in *Parchman* v. *McKinney*, 12 Smed. & M., 631.   It is idle to talk about the complainant doing equity. What equity has the association to demand a payment from Tony, for which he may at once sue and recover back the money paid?   *Mortgage Co.* v. *Jefferson*, 69 Miss., 770, is not, when properly understood, authority against us.   There the contract was not one governed by the laws of this state.

Under our statute, Toney never owed the association any greater sum than the principal of the debt; the association had no right, legal or equitable, to demand more of him.   Tony has paid all that equity required.   The question really is, Shall the statute be respected?

TERRAL, J., delivered the opinion of the court.

The appellee, Tony, a resident of Mississippi, borrowed of the appellant, a corporation of the State of Georgia, the sum of $2,000, and to secure its repayment, he executed a deed of trust on certain lands therein described, lying in Coahoma county, to a trustee, with power of sale if the contract was not promptly performed.   The written contract between the parties specified that Tony should pay $12 monthly as stock dues, $10 monthly as interest, and $10 monthly as a premium on such advance.   Tony having paid, as he alleges, more money than was necessary to satisfy his contract with the association, refused to pay more, and the association, through its trustee, being about to execute the power to sell said real estate, filed this injunction bill to perpetually restrain the trustee and his beneficiary from making said sale, and through this medium this equitable controversy is made in the chancery court of Coahoma county.   The court referred the matter to the clerk of the court, as a special commissioner, to state an account be-

tween the parties, directing him to charge Tony with the principal of the sum borrowed by him from the association, and with six per centum per annum interest thereon, and to credit him with all sums paid on account of stock, interest, or premiums, and to report the result to the court. From this order of the court the association appeals, and Tony takes a cross appeal.

In Sokoloski's case, 77 Miss., 155, the question was presented to this court whether a contract similar to the one shown in this case is usurious or not. In that case the question was argued upon both sides by able and distinguished lawyers, who left no resource of learning unexplored and no skill of argument untried. After mature and long-considered deliberation, we reached the conclusion that the taking of a monthly fixed premium, with a sum by way of interest, which aggregated an amount greater than the rate of interest that can be contracted for, is usurious ; that the amount contracted for as a premium, was in no sense a premium, as defined by the law books, but was a device to cover into the treasury of the association a sum by way of additional interest. We found the authorities in conflict on the question, but after full examination of them, we approved the principle announced in the Sokoloski case, and followed on that point the authorities there cited. Since the decision of that case, it has been strenuously assailed, but our confidence in its justice remains unshaken.

2. The further question is presented here, whether the borrower, Tony, in order to stop the sale of his land by the trustee, may do so in equity, except upon the terms of repaying the sum borrowed and legal interest thereon. Section 2348, code 1892, provides : "And if a greater rate of interest than ten per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory." .

If this plain statute is to be construed according to its letter, we see no reason for requiring Tony to pay any part of the

usurious interest contracted for; for such effect would nullify the statute to that extent.    It is undoubtedly a maxim in equity ''that he who seeks equity must do equity.''    But can there be an equity in any person to receive that which the law forbids him to take?

If a person pays usurious interest, it is clear that he may recover the whole at law, because the statute secures that right to him.    Now, if the contract be exigible *in pais*, why may not the collection of the usurious interest be stopped by the intervention of the chancery court?    As a party in this latter case can have no redress except in an equity court, he would be without a remedy for a clear right unless that court gives him its assistance.    For his right not to have this usury collected of him is as clear and as strong as his right to recover the same when paid.    And because a deed of trust is exigible *in pais* by the party himself, and the remedy at law was to suffer its collection and then sue for its return, after, perhaps, his property has been sacrificed by reason of its sale for the payment of usury, the court, in *Parchman* v. *McKinney*, 12 Smed. & M., 631, held that he might go into equity and stop the sale to the extent of the usury demanded.    *Parchman* v. *McKinney* is fully supported by *Long* v. *McGregor*, 65 Miss., 70.    When the case was first submitted to us we were inclined to think that *Mortgage Co.* v. *Jefferson*, 69 Miss., 770, was intended to overrule *Parchman* v. *McKinney*, but a more extended consideration induces us to think we misunderstood the argument of the learned judge.    The doctrine of *Parchman* v. *McKinney* authorizes Tony, as we think, in claiming exemption from paying any part of the interest contracted for.    It results from this view that the court erred in requiring Tony to be charged upon his debt to the Southern Building & Loan Association, with six per centum per annum interest.

*Remanded.*